**Quentin W. Lackey, ISB# 9938**
LTM Law Group
1015 Caldwell Blvd.
Nampa, ID 83651
t: 208-466-3753
f: 208-475-8074
e: qlackey@ltmlawyers.com

**Joshua B. Taylor, ISB# 7301**
The Law Office of Joshua B. Taylor, PLLC
300 W. Myrtle St., Ste. 200
Boise, ID 83702
t: 208-336-1880
f: 208-287-8204
e: joshuabtaylorlaw@gmail.com

*Attorneys for Rocco Chacon*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROCCO CHACON, | ) Case No:    4:19-cv-00100 |
| Plaintiff, | ) |
| vs. | ) |
| | ) **PLAINTIFF'S MOTION TO WAIVE BOND** |
| RALPH POWELL, individually and in his official capacity as the director of the Idaho State Police, PAUL OLSEN, individually and in his official capacity as an officer of the Idaho State Police, LEE EDGLEY, individually and in his official capacity as an officer of the Idaho State Police,  PAUL GILBERT, individually and in his official capacity as an officer of the Idaho State Police, BRADY BARNES, individually and in his official capacity as an officer of the Idaho State Police, TOM SELLERS, individually and in his official capacity as an officer of the Idaho State Police, MARCUS GRAHAM, individually and in his official capacity as an officer of the Idaho State Police, and JOHN/JANE DOES 1-10, individually and in their official capacities, | ) **UNDER IDAHO CODE §6-610** |
| Defendants. | ) |

COMES NOW, Rocco Chacon, by and through his counsel of record, and moves this Court to waive the pre-filing bond under Idaho Code §6-610, because he is indigent, or to set a bond in a low amount.

In support, Plaintiff[1] states:

1. Plaintiff intends to file a complaint against certain law enforcement officers, raising federal civil rights claims and state law claims. The complaint alleges Plaintiff's rights were violated when law enforcement officers Paul Olsen, Lee Edgley, Paul Gilbert, Brady Barnes, Tom Sellers, Marcus Graham, and John/Jane Does, unreasonably, unnecessarily, and recklessly shot at the Plaintiff's car multiple times while his girlfriend, Shaylee Williamson, was in the front passenger seat, after they boxed in Plaintiff's vehicle at the intersection of Golden Gate and Olympus in Pocatello, ID on the 27th day of March, 2017, and in a rush-and-grab method exited their unmarked automobiles, pointed guns at the Plaintiff and then discharged their weapons at Plaintiff's head and body after Plaintiff, thinking he was being robbed, attempted to flee, striking the Plaintiff's automobile with multiple gun shots. The Complaint alleges that the officers were in unmarked automobiles, were dressed in plain clothes, without proper markings or indication of their status, and failed to identify themselves as police officers prior to and after discharging their weapons.

2. Idaho state law requires, "Before any civil action may be filed . . .the proposed plaintiff or petitioner, as a condition precedent thereto, shall prepare and file with, and at the time of filing the complaint or petition in any such action, a written undertaking with at least two (2) sufficient sureties in an amount to be fixed by the court." Idaho Code §6-610(2).

3. Under prior Idaho case law, the Court is provided wide discretion in waiving the costs, fees, and security if, "(1) the requesting the waiver files an affidavit stating that he is

---

[1] Though a complaint has not been filed, for ease of reference, the potential plaintiff in this action will be referred to simply as "Plaintiff."

indigent and unable to pay the costs, fees, and security associated with his case, and (2) the court finds, after informal inquiry, that the party is indigent for the purpose of prepayment of fees, costs, or security. Idaho Code § 31-2202(a), (b). This statute applies to bonds required under Idaho Code § 6-610. *Thiemann v. Donahue*, No. 1:14-CV-00172-BLW, 2014 WL 2948996, at *1 (D. Idaho June 30, 2014); see also, *Yantis v. Adams County, Idaho*, No.:1:17-cv-430-DCN, 2017 WL 4682966 at *1 (D. Idaho Oct. 17, 2017).

4.  The Declaration/Affidavit of Plaintiff Rocco Chacon includes assertions of his inability to pay the costs, fees, and security associated with posting of the bond as required under Idaho code because he is currently and has been incarcerated since March 27, 2017. (Dkt. 1-2. Declaration of Chacon Rocco). *See Exhibit A*.

5.  There is a further risk that if a bond is required or set for an amount beyond Plaintiff's means, Plaintiff would be unable to provide the necessary security personally, or be unable to afford the cost of a significant bond required. If Plaintiff is unable to secure a surety that will issue a bond pursuant to Idaho Code §6-610 at an affordable costs, he will be deprived of his due process right to access the courts and his right to equal protection of the laws under the Fourteenth Amendment to the United States Constitution.

6.  To avoid a Constitutional problem, that may arise, and based on the declaration asserting limited means, Plaintiff respectfully requests that the Court waive the bond requirement in its entirety or set a low or nominal bond requirement less than $250.

Accordingly, Plaintiff respectfully requests that the Court waive the bond requirement pursuant to Idaho Code §6-610 or in the alternative set a bond amount sufficiently low that the Plaintiff will be able to satisfy the requirement and proceed with the filing of his Complaint. *See Exhibit B, proposed Complaint*.

Dated this 26th day of March 2019.

By: /s/ Quentin W. Lackey
        LTM Law Group
        Quentin W. Lackey

By:/s/ Joshua B. Taylor
        The Law Office of Joshua B. Taylor
        Joshua B. Taylor

Exhibit A

**Quentin W. Lackey, ISB# 9938**
LTM Law Group
1015 Caldwell Blvd.
Nampa, ID 83651
t: 208-466-3753
f: 208-475-8074
e: qlackey@ltmlawyers.com

**Joshua B. Taylor, ISB# 7301**
The Law Office of Joshua B. Taylor, PLLC
300 W. Myrtle St., Ste. 200
Boise, ID 83702
t: 208-336-1880
f: 208-287-8204
e: joshuabtaylorlaw@gmail.com

*Attorneys for Rocco Chacon*

## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROCCO CHACON,<br><br>Plaintiff,<br><br>vs.<br><br>RALPH POWELL, individually and in his official capacity as the director of the Idaho State Police, PAUL OLSEN, individually and in his official capacity as an officer of the Idaho State Police, LEE EDGLEY, individually and in his official capacity as an officer of the Idaho State Police, PAUL GILBERT, individually and in his official capacity as an officer of the Idaho State Police, BRADY BARNES, individually and in his official capacity as an officer of the Idaho State Police, TOM SELLERS, individually and in his official capacity as an officer of the Idaho State Police, MARCUS GRAHAM, individually and in his official capacity as an officer of the Idaho State Police, and JOHN/JANE DOES 1-10, individually and in their official capacities,<br><br>Defendants. | Case No: 4:19-cv-00100<br><br>AFFIDAVIT OF PLAINTIFF ROCCO CHACON IN SUPPORT OF HIS MOTION TO WAIVE OR SET BOND UNDER IDAHO CODE §6-610 |

Affidavit of Plaintiff Rocco Chacon - Page 1

State of Idaho )
) ss.
County of Bannock )

ROCCO CHACON, being first duly sworn, deposes and states:

1. I am the Plaintiff in the above entitled action against the identified defendants.

2. I am over the age of 18, am of sound mind and competent to testify as to the facts stated in this Declaration, and that if I were called to testify regrading the statements contained herein, I would testify of the truth of these matters to the best of my knowledge and belief.

3. I have personal knowledge of the facts and issues of this action.

4. Since, my arrest on March 27, 2017, I have been incarcerated and without employment or opportunity to obtain employment.

5. I further have zero to little assets or means available to cover the costs to post a bond in this particular action.

6. I further believe that I will prevail in this action as I was tried on February 1, 2019, by a jury of my peers in Bannock County, Idaho, on charges for battery on a law enforcement officer with intent to commit a serious felony, and I was acquitted on said charge after the facts of the matter came to light.

7. However, I am still incarcerated because I was found guilty by the same jury of my peers of unlawful possession of a weapon, possession of a controlled substance, and eluding a police officer, which I was recently sentenced on and ordered to the custody of the Idaho Department of Corrections for the foreseeable future.

8. As such, I am unable to obtain employment or obtain financial means necessary to post any bond that the State of Idaho may request.

9. I have no other sources of income.

Affidavit of Plaintiff Rocco Chacon - Page 2

10. I have no spouse and therefore no source of income from a spouse.

11. I do not own any real property. My personal property belongings are minimal.

12. I have the following in cash or checking accounts:

    a. Cash: ___0___ X

    b. Checking accounts: ___0___ X

13. I have the following number of dependents: _____. X

14. I have the following debts: _child support collection_. X

15. I have the following monthly expenses: _car payment_. X

16. For these reasons, I am unable to pay any court costs. I verify that the statements made in this

    affidavit are true and correct, and I respectfully request this Court consider my Motion to

    Waive Bond under Idaho Code §6-610 and request that the bond be waived or at a minimum

    be set to an amount of no more than $250.00.

17. Further your declarant sayeth naught.


DATED this __26__ day of March 2019.

                         Rocco Chacon

Subscribed and sworn to before me this __26th__ day of __March__, 2019.

Notary Public
Residing at: Pocatello, ID
My commission expires: 8/26/2023

[Notary seal: LISA TOLLE, NOTARY PUBLIC, STATE OF IDAHO]


Affidavit of Plaintiff Rocco Chacon - Page 3

**Quentin Lackey, ISB# 9938**                    Exhibit B
LTM Law Group
1015 Caldwell Blvd.
Nampa, ID 83651
t: 208-466-3753
f: 208-475-8074
e: qlackey@ltmlawyers.com


**Joshua B. Taylor, ISB# 7301**
The Law Office of Joshua B. Taylor, PLLC
300 W. Myrtle St., Ste. 200
Boise, ID 83702
t: 208-336-1880
f: 208-287-8204
e: joshuabtaylorlaw@gmail.com

*Attorneys for Rocco Chacon*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| ROCCO CHACON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No: 4:19-cv-00100 |
| | ) | |
| vs. | ) | COMPLAINT AND DEMAND |
| | ) | FOR JURY TRIAL |
| RALPH POWELL, individually and in his | ) | |
| official capacity as the director of the Idaho | ) | |
| State Police, PAUL OLSEN, individually and | ) | |
| in his official capacity as an officer of the | ) | |
| Idaho State Police, LEE EDGLEY, | ) | |
| individually and in his official capacity as an | ) | |
| officer of the Idaho State Police,  PAUL | ) | |
| GILBERT, individually and in his official | ) | |
| capacity as an officer of the Idaho State Police, | ) | |
| BRADY BARNES, individually and in his | ) | |
| official capacity as an officer of the Idaho | ) | |
| State Police, TOM SELLERS, individually | ) | |
| and in his official capacity as an officer of the | ) | |
| Idaho State Police, MARCUS GRAHAM, | ) | |
| individually and in his official capacity as an | ) | |
| officer of the Idaho State Police, and | ) | |
| JOHN/JANE DOES 1-10, individually and in | ) | |
| their official capacities | ) | |
| Defendants. | ) | |

COMPLAINT - Page 1

ROCCO CHACON, for cause of action against the above-named defendants, alleges as follows:

1.     This is an action for money damages and declaratory and injunctive relief arising under 42 U.S.C. § 1983, under the Fourth and Fourteenth Amendments to the United States Constitution, and under the laws of the State of Idaho.

## I.     JURISDICTION AND VENUE

2.     This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, 1343, and 1367 and other applicable law because this action arises under the Constitution and laws of the United States to redress Defendants' deprivation of Rocco Chacon's civil rights, and because those claims arising under Idaho law form part of the same case or controversy under Article III of the United States Constitution.

3.     This Court has specific personal jurisdiction over Defendants because they committed acts and omissions giving rise to Rocco Chacon's damages in Idaho.

4.     Venue is proper under 28 U.S.C. § 1391(b)(1) and (2) and other applicable law because the defendants reside in Idaho and because a substantial part of the events or omissions giving rise to the case occurred in Idaho.

5.     Based upon information and belief, Plaintiff timely presented a Notice of Idaho Tort Claim to the appropriate authority.

6.     This Notice was sufficient in all respects to preserve Plaintiff's rights to assert claims against Defendants under Idaho state law.

## II.     PARTIES

7.     Plaintiff is, and at all times material hereto was, a resident of Bannock County, Idaho.

8.     Defendant Ralph Powell is an Idaho citizen.

9.      Col. Powell was, at all times material hereto, the duly appointed Director of the Idaho State Police, acting in his individual capacity and in his official capacity under color of Idaho law and within the course and scope of his employment as Director of the Idaho State Police, and was ultimately responsible for the proper training, supervision, and control of defendants Paul Olsen, Lee Edgley, Paul Gilbert, Brady Barnes, Tom Sellers, and Marcus Graham, and for the investigation and remediation of his employees' misconduct.

10.      Defendant Paul Olsen is an Idaho citizen and was, at all times material hereto, acting in his individual capacity and in his official capacity within the course and scope of his employment as a Sergeant with the Idaho State Police.

11.      Detective Olsen's culpable acts and omissions were undertaken under color of state law.

12.      Defendant Lee Edgley is an Idaho citizen and was, at all times material hereto, a duly appointed Detective for the Idaho State Police, acting in his individual capacity and in his official capacity within the course and scope of his employment with the Idaho State Police.

13.      Detective Edgley's culpable acts and omissions were undertaken under color of state law.

14.      Defendant Paul Gilbert is an Idaho citizen and was, at all times material hereto, a duly appointed Detective for the Idaho State Police, acting in his individual capacity and in his official capacity within the course and scope of his employment with the Idaho State Police.

15.      Detective Gilbert's culpable acts and omissions were undertaken under color of state law.

16.      Defendant Brady Barnes is an Idaho citizen and was, at all times material hereto, a duly appointed Detective for the Idaho State Police, acting in his individual capacity and in his official capacity within the course and scope of his employment with the Idaho State Police.

17.     Detective Barnes' culpable acts and omissions were undertaken under color of state law.

18.     Defendant Tom Sellers is an Idaho citizen and was, at all times material hereto, a duly appointed Detective for the Idaho State Police, acting in his individual capacity and in his official capacity within the course and scope of his employment with the Idaho State Police.

19.     Detective Sellers' culpable acts and omissions were undertaken under color of state law.

20.     Defendant Marcus Graham is an Idaho citizen and was, at all times material hereto, a duly appointed Detective for the Idaho State Police, acting in his individual capacity and in his official capacity within the course and scope of his employment with the Idaho State Police.

21.     Detective Graham's culpable acts and omissions were undertaken under color of state law.

22.     At all times material hereto, Defendants and John Does 1-10 were responsible for the proper training, supervision, and control over their own individual decisions and/or for their troopers, deputies, agents, and/or employees for their tactics and use of force in properly seizing citizens.

23.     Defendants John/Jane Does 1-10 are persons acting on behalf of Defendants and/or whose acts or omissions were actual, direct, and proximate causes of the excessive use of force and/or negligent infliction of emotional distress and/or intentional infliction of emotional distress. The true identities, acts, and/or omissions of John/Jane Does 1-10 are presently unknown.  Plaintiff will amend this Complaint to state the John/Jane Does' true names and involvement if and when discovered.

24.     Defendants and John/Jane Does 1-10 were, at all times relevant to this Complaint, duly appointed troopers, deputies, agents, and/or employees of the Idaho State Police, the Bannock

County Sheriff's Office, and the Pocatello City Police Department, acting under color of Idaho law and within the course and scope of their employment and in their individual capacities, in both executing their duties and in supervising, directing, controlling, and training the actions and/or duties of others.

## III.    FACTS

25.    On March 27, 2017, defendants Edgley, Gilbert, Barnes, Sellers, Graham, and Olsen (hereafter "Defendants") obtained information that Plaintiff, who was wanted on an outstanding warrant, was in a neighborhood near the area of Highland High School in Pocatello, Idaho.

26.    Defendants Edgley, Gilbert, Barnes, Sellers, Graham, and Olsen drove over to the neighborhood with the intention of seizing Plaintiff.

27.    All of the defendants drove to the neighborhood in civilian cars, with no markings of any kind on the outside and with no indicia of lights, sirens, or other markings used by law enforcement officers in stopping citizens driving cars.

28.    Defendants arrived in the neighborhood and actively took measures to appear as ordinary citizens.

29.    Defendants confirmed that Plaintiff was inside a house in the neighborhood.

30.    Defendants devised a plan to seize Plaintiff when he left the house where he was staying.

31.    Defendants decided to wait until Plaintiff got into his car and began driving away before seizing him.

32.    Defendants decided to actively continue their concealment while Plaintiff was driving his car and then to surround Plaintiff in their ordinary vehicles when he came to a stop sign.

33.     Immediately upon surrounding Plaintiff in ordinary vehicles, and without any lights or sirens of any kind running or showing in any fashion, Defendants decided they would rush Plaintiff, with their guns drawn and pointed at him, in what they called a "box in and rush and grab" fashion.

34.     Plaintiff eventually left the house.

35.     Plaintiff left the house with his girlfriend.

36.     Defendants could see, as Plaintiff left the house, that he was unarmed.

37.     Defendants could see, as Plaintiff's girlfriend left the house, that she was unarmed.

38.     Defendants did not seize, or attempt to seize, Plaintiff while he was on the sidewalk between his house and his car.

39.     Defendants allowed Plaintiff to get into the driver's seat of his car.

40.     Defendants did not attempt to separate, or stop, Plaintiff's girlfriend from getting into the car.

41.     Plaintiff's girlfriend got into the passenger seat of his car.

42.     As Plaintiff left the house, Defendant Edgley, who had previously hidden all of his police identifying markers from his clothing, pulled his vehicle in front of Plaintiff at a stop sign where the subdivision streets met a main artery for traffic, Olympus Drive.

43.     The remaining Defendants then surrounded Plaintiff in their ordinary vehicles.

44.     None of Defendants' vehicles bore any decals indicating they were police officers or detectives with the Idaho State Police.

45.     None of the defendants placed any police lights in their windows; none of the defendants turned on any sirens; none of the defendants' vehicles had light bars; and none of the defendants were wearing typical police uniforms typically used in a traffic stop.

46.     Detective Edgley emerged from his truck and rushed to the back of it.

47.     As Detective Edgley rushed to the back of his truck he pointed his gun directly at Plaintiff while approaching the front of Plaintiff's car.

48.     Detective Edgley had zero markings on any portion of his truck and zero markings on any portion of his body to indicate that he was a police officer.

49.     All of Detective Edgley's police insignia were completely covered.

50.     All of the other defendants then began rushing from their vehicles towards the sides and rear of Plaintiff.

51.     Plaintiff did not know who the person pointing the gun at him was and had no way of knowing Detective Edgley was a police officer.

52.     Plaintiff did not see any other insignia of any type on Defendants' vehicles and did not have time to thoroughly take stock of the situation with an unknown person approaching the front of his car with a pistol pointed directly at his head.

53.     Plaintiff reasonably feared for his life and determined he was being robbed.

54.     Defendants' failures to correctly identify themselves unlawfully and wrongfully placed Plaintiff into a fight or flight position against people he did not know.

55.     Plaintiff decided to flee for his life, along with the life of his passenger.

56.     Plaintiff took evasive action to avoid the man with the gun who was rushing him by driving as far to his right as he could, up over the curb and through a stop sign in order to not get shot and robbed and in order to not strike the man who was rushing at him.

57.     Even though Defendants had no reason to fear for their lives as Plaintiff tried to avoid them, and even though Defendants had not seen Plaintiff reach for or display any type of weapon, as Plaintiff fled for his life, Defendants opened fire on him in an attempt to kill him.

58.     As Plaintiff began to drive his car away from Defendants, defendants Edgley and then Gilbert and Barnes fired their weapons at Plaintiff in an attempt to kill him.

59.     As a result, defendants peppered Plaintiffs car with bullets, shot holes in the windows and in the sides of his car, shattered his driver's side window, caused damage to his hand, barely missed his head and body, and shot holes in his passenger through her hand, forearm, and torso.

60.     As he tried to get away from his would-be robbers, and as they shot at him anyway, Plaintiff thought he and his girlfriend would be killed, which caused undue and unlawful, emotional distress and physical injuries.

61.     Defendants then chased Plaintiff in their unmarked vehicles.

62.     Only at this point did any defendant place any type of police lights into the window of their cars.

63.     Plaintiff stopped sometime later and was taken into custody.

64.     Plaintiff was accused of and charged with Battery with the Intent to Commit a Serious Felony, a violation of Idaho Code 18-911, for allegedly coming into contact with Detective Edgley as Plaintiff fled for his life from his would-be robbers.

65.     On February 6, 2019, a Bannock County jury acquitted Plaintiff of that charge.

## IV.     CLAIMS

66.     Plaintiff incorporates by reference all allegations contained in this Complaint.

### Fourth Amendment Claims

67.     The United States Constitution's Fourth Amendment, incorporated by the Fourteenth Amendment, guarantees that The People will be free from unreasonable seizures.

68.     The Fourth Amendment prohibits law enforcement officers from using excessive force when seizing citizens, even if there is probable cause or reasonable suspicion.

**Count One: Violation of Rocco's Fourth Amendment Rights**
**Brought by Rocco**
**against**
**Detectives Edgley, Gilbert, Barnes, Sellers, Graham, and Sgt. Olsen**

69.     Defendants' actions were a seizure that was intentional, unreasonable, and contrary to clearly established law.

70.     Defendants' actions were in clear violation of Plaintiff's right to be free from unreasonable and excessive uses of force, and free from unreasonable and excessive uses of force during seizures, in violation of his rights guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §1983.

71.     Defendants' actions were a proximate cause of Plaintiff's constitutional injuries alleged herein.

**Count Two: Violation of Rocco's Fourth Amendment Rights**
**Brought by Rocco**
**against**
**Col. Powell, John/Jane Does 1-10, Detectives Edgley, Gilbert, Barnes, Sellers, Graham, and Sgt. Olsen**

72.     Col. Powell, Defendants, and John Does 1-10 failed to properly train, supervise, direct, and/or control defendants Olsen, Edgley, Gilbert, Barnes, Sellers, and Graham, which was a proximate cause of Plaintiff's constitutional injuries alleged herein.

73.     At all times material hereto, Defendants had official policies or customs permitting unlawful uses of force against its citizens, of the kind exhibited toward Plaintiff as described above, as evidenced by, *inter alia*, their training of their employees, sergeants, and detectives to do so, approval and/or ratification of its law enforcement officers doing so, and failure to adopt or implement departmental policies, rules, or regulations governing the need for the proper use of tactics and force in seizing a citizen.

74.     Which actions were a proximate cause of Plaintiff's constitutional injuries alleged herein.

**Count Three:  Negligent Infliction of Emotional Distress**
**Brought by Rocco**
**Against**
**All Defendants**

75.     The defendants had a duty to use reasonable care to avoid actions that could foreseeably cause Rocco undue emotional harm.

76.     The defendants breached this duty through acts and omissions described above.

77.     These breaches actually, directly, and proximately caused Rocco to suffer emotional injuries.

78.     Rocco has suffered physical manifestations of these emotional injuries.

**Count Four: Intentional Infliction of Emotional Distress**
**Brought by Rocco**
**Against**
**All Defendants**

79.     The defendants intentionally or recklessly fired multiple shots at Rocco.

80.     The defendants' conduct was extreme and outrageous.

81.     The defendants' conduct directly and proximately caused Rocco to suffer emotional distress.

**Aftermath**

82.     As a direct and proximate result of the Defendants' unlawful conduct as alleged above, Plaintiff has suffered severe and irreparable physical, mental, and emotional injuries, pain, suffering, distress, anguish, and in amounts to be proven at trial.

83.     The defendants' misconduct and adoption of official policies as alleged above were malicious, wanton, oppressive, and/or in reckless disregard of Plaintiff's federally protected rights, for which he is entitled to an award of punitive damages under 42 U.S.C. § 1983.

84.     Plaintiff's legal remedies are inadequate as his injuries are irreparable and are likely to continue in the future, for which he is entitled to injunctive relief.

85.     Plaintiff demands trial by jury.

WHEREFORE, Plaintiff prays for the following judgment and relief against the defendants, jointly and severally, as follows:

I.      Economic damages in an amount that justly compensates Rocco and is consistent with the evidence at trial;

II.     Noneconomic damages in an amount that justly compensates Rocco and is consistent with the evidence at trial;

III.    Punitive damages in an amount adequate to punish the defendants for their reckless and callous indifference to Rocco's civil rights and to deter similar misconduct in the future;

IV.     An award of costs and attorneys' fees pursuant to 42 U.S.C. § 1988 and other applicable law; and

V.      All other relief that the Court deems just and equitable.

DATED this 27th day of March, 2019.


/s/ _____
Quentin Lackey

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a)  PLAINTIFFS

## DEFENDANTS

**(b)**  County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)**  Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

❏ 1   U.S. Government
     Plaintiff

❏ 3   Federal Question
     *(U.S. Government Not a Party)*

❏ 2   U.S. Government
     Defendant

❏ 4   Diversity
     *(Indicate Citizenship of Parties in Item III)*

## III.  CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                   *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place<br>of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a<br>Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance<br>❏ 120 Marine<br>❏ 130 Miller Act<br>❏ 140 Negotiable Instrument<br>❏ 150 Recovery of Overpayment<br>   & Enforcement of Judgment<br>❏ 151 Medicare Act<br>❏ 152 Recovery of Defaulted<br>   Student Loans<br>   (Excludes Veterans)<br>❏ 153 Recovery of Overpayment<br>   of Veteran's Benefits<br>❏ 160 Stockholders' Suits<br>❏ 190 Other Contract<br>❏ 195 Contract Product Liability<br>❏ 196 Franchise | **PERSONAL INJURY**<br>❏ 310 Airplane<br>❏ 315 Airplane Product<br>   Liability<br>❏ 320 Assault, Libel &<br>   Slander<br>❏ 330 Federal Employers'<br>   Liability<br>❏ 340 Marine<br>❏ 345 Marine Product<br>   Liability<br>❏ 350 Motor Vehicle<br>❏ 355 Motor Vehicle<br>   Product Liability<br>❏ 360 Other Personal<br>   Injury<br>❏ 362 Personal Injury -<br>   Medical Malpractice | **PERSONAL INJURY**<br>❏ 365 Personal Injury -<br>   Product Liability<br>❏ 367 Health Care/<br>   Pharmaceutical<br>   Personal Injury<br>   Product Liability<br>❏ 368 Asbestos Personal<br>   Injury Product<br>   Liability<br>**PERSONAL PROPERTY**<br>❏ 370 Other Fraud<br>❏ 371 Truth in Lending<br>❏ 380 Other Personal<br>   Property Damage<br>❏ 385 Property Damage<br>   Product Liability | ❏ 625 Drug Related Seizure<br>   of Property 21 USC 881<br>❏ 690 Other | ❏ 422 Appeal 28 USC 158<br>❏ 423 Withdrawal<br>   28 USC 157<br><br>**PROPERTY RIGHTS**<br>❏ 820 Copyrights<br>❏ 830 Patent<br>❏ 835 Patent - Abbreviated<br>   New Drug Application<br>❏ 840 Trademark | ❏ 375 False Claims Act<br>❏ 376 Qui Tam (31 USC<br>   3729(a))<br>❏ 400 State Reapportionment<br>❏ 410 Antitrust<br>❏ 430 Banks and Banking<br>❏ 450 Commerce<br>❏ 460 Deportation<br>❏ 470 Racketeer Influenced and<br>   Corrupt Organizations<br>❏ 480 Consumer Credit<br>❏ 485 Telephone Consumer<br>   Protection Act<br>❏ 490 Cable/Sat TV<br>❏ 850 Securities/Commodities/<br>   Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR**<br>❏ 710 Fair Labor Standards<br>   Act<br>❏ 720 Labor/Management<br>   Relations<br>❏ 740 Railway Labor Act<br>❏ 751 Family and Medical<br>   Leave Act<br>❏ 790 Other Labor Litigation<br>❏ 791 Employee Retirement<br>   Income Security Act | **SOCIAL SECURITY**<br>❏ 861 HIA (1395ff)<br>❏ 862 Black Lung (923)<br>❏ 863 DIWC/DIWW (405(g))<br>❏ 864 SSID Title XVI<br>❏ 865 RSI (405(g)) | ❏ 890 Other Statutory Actions<br>❏ 891 Agricultural Acts<br>❏ 893 Environmental Matters<br>❏ 895 Freedom of Information<br>   Act<br>❏ 896 Arbitration<br>❏ 899 Administrative Procedure<br>   Act/Review or Appeal of<br>   Agency Decision<br>❏ 950 Constitutionality of<br>   State Statutes |
| ❏ 210 Land Condemnation<br>❏ 220 Foreclosure<br>❏ 230 Rent Lease & Ejectment<br>❏ 240 Torts to Land<br>❏ 245 Tort Product Liability<br>❏ 290 All Other Real Property | ❏ 440 Other Civil Rights<br>❏ 441 Voting<br>❏ 442 Employment<br>❏ 443 Housing/<br>   Accommodations<br>❏ 445 Amer. w/Disabilities -<br>   Employment<br>❏ 446 Amer. w/Disabilities -<br>   Other<br>❏ 448 Education | **Habeas Corpus:**<br>❏ 463 Alien Detainee<br>❏ 510 Motions to Vacate<br>   Sentence<br>❏ 530 General<br>❏ 535 Death Penalty<br>**Other:**<br>❏ 540 Mandamus & Other<br>❏ 550 Civil Rights<br>❏ 555 Prison Condition<br>❏ 560 Civil Detainee -<br>   Conditions of<br>   Confinement | **IMMIGRATION**<br>❏ 462 Naturalization Application<br>❏ 465 Other Immigration<br>   Actions | **FEDERAL TAX SUITS**<br>❏ 870 Taxes (U.S. Plaintiff<br>   or Defendant)<br>❏ 871 IRS—Third Party<br>   26 USC 7609 | |

## V.  ORIGIN *(Place an "X" in One Box Only)*

❏ 1   Original
    Proceeding

❏ 2   Removed from
    State Court

❏ 3   Remanded from
    Appellate Court

❏ 4   Reinstated or
    Reopened

❏ 5   Transferred from
    Another District
    *(specify)*

❏ 6   Multidistrict
    Litigation -
    Transfer

❏ 8   Multidistrict
    Litigation -
    Direct File

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII.  REQUESTED IN
##       COMPLAINT:

❏ CHECK IF THIS IS A **CLASS ACTION**
   UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ❏ Yes   ❏No

## VIII.  RELATED CASE(S)
##        IF ANY

*(See instructions):*

JUDGE _____

DOCKET NUMBER _____

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.** **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket. **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.** **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| | ) | |
| _____ ) | | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| | ) | |
| _____ ) | | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*


A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:


If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.


*CLERK OF COURT*


Date: _____                    _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))***

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify)*:
_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |
|---|---|
| )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |

_____
*Plaintiff(s)*

v.                                          Civil Action No.

_____
*Defendant(s)*

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____                    _____
                                                              *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

### PROOF OF SERVICE
***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))***

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*

_____ .


My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .


I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

<table>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>_____</td><td>)</td><td></td></tr>
<tr><td>*Plaintiff(s)*</td><td>)</td><td></td></tr>
<tr><td>v.</td><td>)</td><td>Civil Action No.</td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>_____</td><td>)</td><td></td></tr>
<tr><td>*Defendant(s)*</td><td>)</td><td></td></tr>
</table>

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____                    _____
                                                              *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*

.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |
|---|---|
| ) | |
| ) | |
| ) | |
| ) | |
| _____ ) | |
| *Plaintiff(s)* ) | |
| v. ) | Civil Action No. |
| ) | |
| ) | |
| ) | |
| _____ ) | |
| *Defendant(s)* ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____                                              _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*

_____ .


My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .


I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |
|---|---|
| )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |

_____

*Plaintiff(s)*

v.

_____

*Defendant(s)*

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |
|---|---|
| ) | |
| ) | |
| ) | |
| ) | |
| _____ ) | |
| *Plaintiff(s)* ) | |
| v. ) | Civil Action No. |
| ) | |
| ) | |
| ) | |
| _____ ) | |
| *Defendant(s)* ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*


A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:


If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.


*CLERK OF COURT*


Date:  _____          _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

### PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
|  | ) |  |
|  | ) |  |
|  | ) |  |
|  | ) |  |
| *Plaintiff(s)* | ) |  |
| v. | ) | Civil Action No. |
|  | ) |  |
|  | ) |  |
|  | ) |  |
|  | ) |  |
| *Defendant(s)* | ) |  |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)*
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)*
_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*
.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: