UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROCCO CHACON,<br><br>    Plaintiff,<br><br>    v.<br><br>RALPH POWELL, individually and in his official capacity as the director of the Idaho State Police, PAUL OLSEN, individually and in his official capacity as an officer of the Idaho State Police, LEE EDGLEY, individually and in his official capacity as an officer of the Idaho State Police, PAUL GILBERT, individually and in his official capacity as an officer of the Idaho State Police, BRADY BARNES, individually and in his official capacity as an officer of the Idaho State Police, TOM SELLERS, individually and in his official capacity as an officer of the Idaho State Police, MARCUS GRAHAM, individually and in his official capacity as an officer of the Idaho State Police, and JOHN/JANE DOES 1-10, individually and in their official capacities,<br><br>    Defendants. | Case No. 4:19-cv-100-BLW<br><br>**MEMORANDUM DECISION & ORDER** |

## INTRODUCTION

Now before the Court is Defendants Ralph Powell, Lee Edgley, Brady Barnes,

Paul Gilbert, Paul Olsen, Marcus Graham, and Tom Sellers' Motion to Dismiss the

**MEMORANDUM DECISION & ORDER - 1**

Defendants State of Idaho and Idaho State Police (Dkt. 11). For the reasons that follow, the Court will grant Defendants' motion.

## BACKGROUND

Plaintiff Rocco Chacon brings a federal civil rights action under 42 U.S.C. § 1983 and related state law tort claims. Dkt. 4 at 11-12. Mr. Chacon alleges that Defendants deprived him of rights under the Fourth Amendment to the United States Constitution, and both negligently and intentionally inflicted emotional distress through their actions. *Id.* The Complaint alleges that Defendants Olsen, Edgley, Gilbert, Barnes, Sellers, and Graham used excessive force in firing upon Mr. Chacon as part of a traffic stop on March 27, 2017. Dkt. 4 at 2. Mr. Chacon further alleges that these Defendants' supervisors failed to train and discipline them, thereby ratifying their conduct. *Id.* Mr. Chacon sues for consequential and punitive damages he suffered as a result of Defendants' actions.

Mr. Chacon filed his Complaint on March 27, 2019. Dkt. 4. Defendants filed an Answer to the Complaint on July 3, 2019. Dkt. 10. Defendants then filed a motion to dismiss under Rule 12(b)(6), which this Court will convert to a motion for judgment on the pleadings under Rule 12(c) as discussed in further detail below. Plaintiff did not file a response to Defendants' motion to dismiss. *See* D. Id. Loc. R. 7.1(e)(1)("[I]f an adverse party fails to timely file any response documents required to be filed under this rule, such failure may be deemed to constitute a consent to the sustaining of said pleading or the granting of said motion or other application.").

All Defendants in this case are law enforcement officers in the state of Idaho. Dkt. 4 at 4-5. The Complaint brings claims against each Defendant in both their individual and

**MEMORANDUM DECISION & ORDER - 2**

official capacity. *Id.* at 3-4. The Defendants now move to dismiss only those claims brought against them in their official capacities. Dkt. 16-1 at 6-7.

**LEGAL STANDARD**

Rule 12(h)(2) specifically authorizes use of a Rule 12(c) motion to raise the defense of failure to state a claim. *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980). "Because it is only after the pleadings are closed that the motion for judgment on the pleadings is authorized" by Rule 12(c), the Ninth Circuit Court of Appeals has construed Rule 12(h)(2) to allow a motion for judgment on the pleadings raising the defense of failure to state a claim after an answer has been filed. *Aldabe*, 616 F.2d at 1093. The court further held that this conclusion is especially true when, as here, the Answer included the defense of failure to state a claim, and the motion to dismiss was not based upon new information for which the Plaintiffs could claim to have been unprepared. *Id.* Rule 12(c) motions alleging failure to state a claim upon which relief may be granted are functionally identical to Rule 12(b)(6) motions, and therefore the same standard of review applicable to Rule 12(b)(6) motions applies to Rule 12(c) motions. *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964 (2007). While a complaint attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations," it must set forth "more than labels and conclusions, and a formulaic

**MEMORANDUM DECISION & ORDER - 3**

recitation of the elements of a cause of action will not do." *Id*. at 555. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id*. at 557.

The Supreme Court identified two "working principles" that underlie *Twombly* in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). First, the court need not accept as true, legal conclusions that are couched as factual allegations. *Id*. Rule 8 does not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id*. at 678-79. Second, to survive a motion to dismiss, a complaint must state a plausible claim for relief. *Id*. at 679. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Providing too much in the complaint may also be fatal to a plaintiff. Dismissal may be appropriate when the plaintiff has included sufficient allegations disclosing some absolute defense or bar to recovery. *See Weisbuch v. County of L.A.*, 119 F.3d 778, 783, n. 1 (9th Cir. 1997) (stating that "[i]f the pleadings establish facts compelling a decision

one way, that is as good as if depositions and other . . . evidence on summary judgment establishes the identical facts").

A dismissal without leave to amend is improper unless it is beyond doubt that the complaint "could not be saved by any amendment." *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009) (issued 2 months after *Iqbal*). The Ninth Circuit has held that "in dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Service, Inc.,* 911 F.2d 242, 247 (9th Cir. 1990). The issue is not whether plaintiff will prevail but whether he "is entitled to offer evidence to support the claims." *Diaz v. Int'l Longshore and Warehouse Union, Local 13*, 474 F.3d 1202, 1205 (9th Cir. 2007)(citations omitted).

## ANALYSIS

Unopposed by the Plaintiff, Defendants move to dismiss the "official capacity" claims alleged in the Complaint. Dkt. 11-1 at 2. Plaintiff brings federal law claims under 42 U.S.C. § 1983 and related state-law tort claims against the Defendants both "individually and in [their] official capacit[ies]." Dkt. 4 at 2-3. All these Defendants are members of the Idaho State Police. Dkt. 11-1 at 5. As state officials, they argue they are immune to Plaintiff's "official capacity" claims under the Eleventh Amendment. *Id.* at 3-6.

The Eleventh Amendment prohibits federal courts from hearing lawsuits brought by citizens against state entities without the state's consent. *Kimel v. Fla. Bd. of Regents*,

528 U.S. 62, 73 (2000). This immunity extends to state officials when sued in their official capacities. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). The Ninth Circuit has clearly stated this immunity protects state officials when sued in their "official capacities" for damages under § 1983. *See, e.g., Thornton v. Brown*, 757 F.3d 834, 839-40 (9th Cir. 2013) (finding "absolute immunity does bar Plaintiff's claim for damages" against state officials under § 1983). Because Plaintiff seeks damages from these state officials in their official capacities, and there is no exception to these officials' Eleventh Amendment immunity, the Court will dismiss the official capacity claims brought by Mr. Chacon under § 1983 with prejudice.

With regard to Plaintiff's state law claims, under the Idaho Tort Claims Act, governmental entities are required to defend their employees that act within the course and scope of their duties. Idaho Code § 6-903. Each occurrence is treated as a single event, no matter how many defendants are named in the complaint, and the occurrence is subject to a single monetary cap. Idaho Code § 6-926. For these reasons, there is no valid purpose in naming a governmental entity separately from the individual employees as to state law torts. Therefore, there is no reason to retain "official capacity" references as to the pendent state law claims in the Complaint, and the Court will dismiss those claims to the extent they are alleged against Defendants in their official capacities.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1. Defendants' Motion to Dismiss the Defendants State of Idaho and Idaho State Police (Dkt. 11) is granted.

**MEMORANDUM DECISION & ORDER - 6**



DATED: August 9, 2019

_____
B. Lynn Winmill
U.S. District Court Judge