UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROCCO CHACON,<br><br>      Plaintiff,<br><br>      v.<br><br>RALPH POWELL, individually and in his official capacity as Director of the Idaho State Police; ERIC DAYLEY, individually and in his official capacity as Captain of Idaho State Police, District 5; LEE EDGLEY, individually and in his official capacity; BRADY BARNES, individually and in his official capacity; PAUL GILBERT, individually and in his official capacity; PAUL OLSEN, individually and in his official capacity; MARCUS GRAHAM, individually and in his official capacity; and TOM SELLERS, individually and in his official capacity,<br><br>      Defendants. | Case No. 4:19-cv-100-BLW<br><br>MEMORANDUM DECISION & ORDER |

# INTRODUCTION

Before the Court is Defendants' Motion to Dismiss for Failure to Comply with Court Order. Dkt. 30. Plaintiff has not responded to the motion. For the

MEMORANDUM DECISION & ORDER - 1

reasons that follow the Court will grant the motion and dismiss this case with prejudice.

## BACKGROUND

On March 27, 2019, Plaintiff Rocco Chacon, through counsel, filed a complaint against the above-named defendants alleging excessive force and failure to train in violation of his Fourth Amendment rights. Dkt. 4. On August 9, 2019, the Court granted Defendants' motion to dismiss Defendants State of Idaho and Idaho State Police, including the official capacity claims against the above-named defendants. Dkt. 14. On November 19, 2019, the Court granted Chacon's first counsel's motion to withdraw. Dkt. 21, 22. On March 1, 2020, Defendants Olsen, Graham, and Sellers filed a motion for summary judgment. Dkt. 23. In their motion, defendants Olsen, Graham, and Sellers argued that they could not have violated Chacon's rights because they never fired their guns during the stop leading to Chacon's arrest. On March 12, 2020 Defendant Powell filed a motion for summary judgment arguing that Powell was not involved in the stop and there were no facts in dispute which would support his personal liability. Dkt. 26-2. Chacon has not filed a response to either motion.

On March 9, 2020, Chacon's second retained counsel moved to withdraw. The Court granted the motion to withdraw on March 11, 2020. In its order the Court advised Chacon that if he failed to appear, personally or through counsel,

within 21 days, that failure would be grounds for dismissal of his claims with prejudice. On March April 2, 2020, Chacon filed a motion for extension of time to retain counsel or appear personally. Dkt. 28. The Court granted this motion and again advised Chacon that if he failed to enter an appearance, either personally or through counsel, by May 4, his case may be dismissed with prejudice. Dkt. 29. Chacon has not filed any pleadings since his motion for extension of time.

On May 11, 2020, all named Defendants filed a motion to dismiss for failure to comply with court order. Dkt. 30. On May 12, 2020, the Court sent a notice to Chacon informing him that if he failed to respond within 21 days the court may dismiss his entire case for failure to prosecute. Dkt. 31. Chacon has not filed a response to the motion to dismiss. Defendants also state that Chacon's responses to their discovery requests have been overdue for six months. *Id.*

## LEGAL STANDARD

District courts have inherent power to control their dockets and may impose sanctions, including dismissal, in the exercise of that discretion. *Hamilton Copper & Steel Corp. v. Primary Steel, Inc.*, 898 F.2d 1428, 1429 (9th Cir.1990) (citations omitted). The Ninth Circuit has advised district courts to consider the following prior to involuntarily dismissing a case:

> We have repeatedly upheld the imposition of the sanction of dismissal for failure to comply with pretrial procedures mandated by local rules and court orders. *Buss v. Western Airlines, Inc.*, 738 F.2d 1053 (9th Cir.1984), *cert. denied*, 469 U.S. 1192, 105 S.Ct. 968

> (1985); *Chism v. National Heritage Life Insurance Col,* 637 F.2d 1328 (9th Cir. 1981); *Transamerica Corporation v. Transamerica Bancgrowth Corp.*, 627 F.2d 963 (9th Cir.1980). However, because dismissal is such a severe remedy, we have allowed its imposition in these circumstances only after requiring the district court to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions. *Henderson*, at 1423 and 1424; *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir.1984), *cert. denied*, 470 U.S. 1007, 105 S.Ct. 1368 (1985); *Mir v. Fosburg*, 706 F.2d 916, 918 (9th Cir.1983).

*Thompson v. Housing Authority of City of Los Angeles*, 782 F.2d 829, 831-32 (9th Cir.), *cert. denied*, 479 U.S. 829 (1986).

## ANALYSIS

The Court finds that dismissal of this action for Chacon's failure to prosecute is appropriate. The first two *Thompson* factors are a matter of court discretion based on the facts and procedural history of the case. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (The district judge is in the best position to decide when delay in a particular case interferes with docket management and the public interest). This action has been pending for over a year, and Chacon has not pursued this case for two months. In fact, since filing the motion for extension of time, Chacon has filed nothing further to indicate that he wishes to pursue this case. "The court cannot manage its docket if it maintains cases in which parties failed to litigate their cases." *U.S. ex rel. Graybar Elec. Co., Inc. v. Miller/Watts*, 2012 WL 396457 *1 (E.D. Cal. 2012). Accordingly, the

**MEMORANDUM DECISION & ORDER - 4**

first two factors weigh in favor of dismissal.

As to the third factor, the risk of prejudice to the Defendants, Plaintiff's failure to respond to the pending motion to dismiss, and motions for summary judgment, impedes the Defendants' ability to proceed to trial and interferes with the rightful decision of this case. *See Malone v. U.S. Postal Service*, 833 F.2d 128, 131 (9th Cir. 1987). This factor therefore favors dismissal as well.

The fourth factor – public policy favoring disposition of cases on their merits – normally weighs against dismissal. However, a case that is stalled by "a party's failure to comply with deadlines and discovery obligations cannot move forward toward resolution on the merits." *In re PPA Products Liability*, 460 F.3d 1217, 1228 (9th Cir. 2006). Thus, "this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *Id*. The Court finds this factor has little weight in actions such as this one where Plaintiff has been unable or unwilling to pursue his claim against the Defendants.

The final factor is the availability of less drastic sanctions. But at this stage in the proceedings, "there is little available to the court which would constitute a satisfactory lesser sanction while protecting the court from further unnecessary expenditure of its scarce resources." *U.S. ex rel. Graybar Elec. Co., Inc.*, 2012 WL 396457 at *2 (E.D. Cal. Feb. 7, 2012). Moreover, the Court

**MEMORANDUM DECISION & ORDER - 5**

repeatedly warned Chacon that a failure to respond in a timely manner would result in dismissal of his claims with prejudice. Having weighed all five factors for involuntary dismissal, the Court concludes that this action will be dismissed with prejudice for Chacon's failure to prosecute this case.

## ORDER

**IT IS ORDERED** that Defendants' Motion to Dismiss (Dkt. 30) is **GRANTED** and this case shall be **DISMISSED WITH PREJUDICE.**

DATED: June 16, 2020

_____
B. Lynn Winmill
U.S. District Court Judge